FILED
SEP 06 2011
CLERK CIRCUIT COURT

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

**GORDON FENDERSON**

**Plaintiff,**

**v.**

**JEREMY LIVINGSTON, a city of Jacksonville, JSO Deputy, in his Individual capacity, and JACKSONVILLE SHERIFF'S OFFICE**

**Defendants.**
_______________________________/

**Case No.:16-2011-CA-00585**
**Division: CV-H**

## AMENDED COMPLAINT

Gordon Fenderson, Plaintiff herein, files this Complaint against Jeremy Livingston, Defendant herein, and alleges:

## PARTIES

1. Plaintiff, Gordon Fenderson, an individual, resides in Duval County, Florida.

2. Defendant, Jeremy Livingston, an individual, resides in Duval County, Florida.

3. Defendant, Jacksonville Sheriff's Office, (hereinafter "JSO"), is a government agency located in Jacksonville, Duval County, Florida.

## JURISDICTIONAL STATEMENT

4. This is a civil action for damages and other relief $15,000.00, excluding interest, costs and attorney's fees, which is within the jurisdiction of the court in accordance with Section 26.012 of the Florida Statutes.

## VENUE

5. Venue in Duval County, Florida is proper in this action under Section 47.011 of the Florida Statutes because this incident giving rise to this action occurred in this county.

## FACTS IN SUPPORT OF CLAIMS

6. On or about October 30, 2010, Plaintiff, Gordon Fenderson, visited a residence located at 10135 Gate Parkway North #1504, Duval County, Florida, 32246.

7. Defendant, Deputy Livingston, arrived at this residence at approximately 2:45

A.M. in his JSO-issued vehicle.

8. After he located the Plaintiff's vehicle, Defendant, Deputy Livingston, intentionally struck and damaged Plaintiff's vehicle with his JSO-issued service weapon, causing approximately $2,000 in damages to said vehicle.

9. The Plaintiff observed Defendant, Deputy Livingston, as he tried to kick down the door of the residence.

10. The Plaintiff observed through the peephole and window that Defendant, Deputy Livingston, drew his JSO-issued service weapon.

11. In addition, Defendant, Deputy Livingston drew his JSO-issued service weapon and blocked the front door of the residence, thus forcing the Plaintiff to remain in the residence with a weapon pointed at him.

12. Defendant, Deputy Livingston, used such force in attempting to kick the door down that the doorframe separated from the door, allowing the Plaintiff to observe that Defendant, Deputy Livingston, had drawn his JSO-issued weapon.

13. The Plaintiff observed and was aware of Deputy Livingston as he tried to kick down the door to the residence while he was in full JSO-issued uniform.

14. Defendant, Deputy Livingston, continuously called the Plaintiff by name, with his JSO-issued service weapon drawn, and asked him to exit the residence.

**COUNT 1 – JEREMY LIVINGSTON**
**FALSE IMPRISONMENT**

15. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

16. On October 30, 2010, Defendant, Deputy Livingston, deprived the Plaintiff of his freedom and liberty at 10135 Gate Parkway North #1504, Jacksonville, Florida 32246 when he blocked the doorway of the residence.

17. Defendant, Deputy Livingston, blocked the doorway of the residence without probable cause or reasonable suspicion.

18. Defendant, Deputy Livingston, restrained the Plaintiff's movement, which was unlawful.

20. The Plaintiff was at all times aware of his imprisonment and had no reasonable means of escape, because the Defendant, Deputy Livingston, had his JSO-issued service weapon drawn and blocked the only exit from the residence, which prevented the use of Plaintiff's

vehicle as.

21. Defendant, Deputy Livingston, directly and proximately caused the Plaintiff to be unlawfully detained.

22. The actions of Defendant Livingston were done in bad faith, with malice, and in reckless disregard for the rights of the Plaintiff.

23. The Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, Deputy Livingston, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 2 – JEREMY LIVINGSTON**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

25. By damaging the Plaintiff's vehicle, drawing his JSO-issued service weapon, and attempting to kick down the door, the Defendant, Deputy Livingston, intended to inflict emotional distress on the Plaintiff, which was the expected result of the Defendant, Jeremy Livingston's, actions.

26. Defendant, Deputy Livingston's, actions went well beyond the boundaries of decency of the community and were outrageous in nature, especially in terms of the boundaries of decency for a police officer.

27. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, Deputy Livingston, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 3 – JEREMY LIVINGSTON**
**ASSAULT**

28. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and

completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

29. Defendant, Deputy Livingston, intentionally, unlawfully and without justification assaulted Plaintiff when he drew his JSO-issued service weapon in a threatening manner, blocked the doorway of the residence, and attempted to kick down the door.

30. Defendant, Deputy Livingston, further placed the Plaintiff in fear of imminent harm by pointing a JSO-issued service weapon at the Plaintiff, and making threatening statements and gestures.

31. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, Deputy Livingston, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 4 – JACKSONVILLE SHERIFF'S OFFICE**
**NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

32. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

33. Defendant, JSO, owes a duty of care to protect the public and is therefore not immune from actions in negligence.

34. Defendant, JSO, breached its duty to the public by allowing Defendant, Deputy Livingston, to work for its office because JSO knew or should have known that Defendant, Deputy Livingston was a threat to others when working as its employee.

35. Defendant, JSO, negligently supervised Defendant, Deputy Livingston, as during the course of his employment, Defendant, JSO, became aware or should have become aware of problems with Defendant, Deputy Livingston indicating that he was unfit to continue working as a sheriff's deputy.

36. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, JSO, for

compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 5 – JACKSONVILLE SHERIFF'S OFFICE**
**NEGLIGENT TRAINING**

37. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

38. Defendant, JSO, breached its duty to the public when it failed improperly trained Defendant, Deputy Livingston, on the use of his JSO-issued service weapon, which resulted in his assault on the Plaintiff.

39. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, JSO, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 5 – JACKSONVILLE SHERIFF'S OFFICE**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

40. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

41. Defendant, JSO, one has a legal duty to use reasonable care to avoid causing emotional distress to individuals, and failed in this duty, which unreasonably caused emotional distress to the Plaintiff through the acts of Defendant, Deputy Livingston.

42. Defendant's, JSO, negligence caused the Plaintiff to suffer serious emotional distress.

43. Defendant's, JSO, negligence was a substantial factor in causing the Plaintiff's emotional distress.

45. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, JSO, for

compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 6 – JACKSONVILLE SHERIFF'S OFFICE**

**FAILUTE TO DISCHARGE OFFICER WHO HAS SHOWN DANGEROUS PROPENSITIES**

46. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 14.

47. Defendant, JSO, has a duty to protect the public by discharging officers who have shown a dangerous propensity to harming others.

48. Defendant, JSO, failed to discharge Defendant, Deputy Livingston, after the October 30, 2010 incident, when he demonstrated his propensity to be violent and dangerous.

49. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, JSO, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**COUNT 7 – JEREMY LIVINGSTON**

**VIOLATION OF 42 U.S.C. 1983**

50. Plaintiff, Gordon Fenderson, adopts by reference, as if set out fully and completely in this count, the following statements of this Complaint: Paragraphs 1 through 15.

51. Defendant, Deputy Livingston, deprived the Plaintiff of his Fourth Amendment right against unreasonable seizure when he drew his JSO-issued service weapon and blocked the only means for the Plaintiff to exit the residence.

52. Defendant, Deputy Livingston, caused the deprived the Plaintiff of his Fourth Amendment right against unreasonable seizure under color of state law when he demonstrated indicia of his capacity as a police officer at the time of the incident.

53. Defendant, Deputy Livingston, demonstrated indicia of his capacity to act under color of state law by committing the acts against the Plaintiff while dressed in full JSO-issued uniform, drawing his JSO-issued service weapon, and driving to the residence in his JSO-issued

vehicle.

54. As a direct and proximate result thereof, the Plaintiff has suffered damages including, but not limited to, physical inconvenience, physical discomfort, loss of time, mental suffering, and all other damages which exist to this day and which emotional suffering and damage is likely to continue in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, JSO, for compensatory, nominal, and punitive damages, for attorney's fees, costs, and any other relief this Court deems appropriate and just.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

**FENDERSON & HAMPTON LLC**

**KELLY B. HAMPTON, ESQUIRE**
Florida Bar Number: 0763071
644 Cesery Boulevard, Suite 310
Jacksonville, Florida 32211
Telephone: (904) 674-0007
Facsimile: (904) 674-0070
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a copy of the foregoing was delivered via US Mail to Phillip Vogelsang and Paul Daragjati, Fraternal Order of Police, 5530 Beach Boulevard, Jacksonville, Florida 32207, on this 2nd day of September, 2011.

**FENDERSON & HAMPTON LLC**

**KELLY B. HAMPTON, ESQUIRE**
Florida Bar Number: 0763071
644 Cesery Boulevard, Suite 310
Jacksonville, Florida 32211
Telephone: (904) 674-0007
Facsimile: (904) 674-0070
***Attorney for Plaintiff***